JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-04442 MMM (FFMx) | Date | July 16, 2015 |
|---|---|---|---|

| Title | *Los Angeles Superior Court of California v. Dominique Simpson* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court

### I.  FACTUAL BACKGROUND

On June 11, 2015, Dominique Simpson filed a notice of removal invoking the court's diversity jurisdiction.[1]  The removal papers reference two separate criminal actions against Simpson that were pending in Los Angeles Superior Court, both alleging misdemeanor violations of California Vehicle Code § 14601 (driving a motor vehicle with a suspended license).[2]

Simpson asserts that he was first arrested for driving with a suspended license on January 10, 2000, and a second time on November 18, 2010.[3]  Simpson attaches receipts indicating that he paid the fine imposed for the 2000 violation.[4]  He apparently failed to appear in court on the 2010 violation.  The charge was later dismissed; however, a bench warrant issued, and a fine was imposed, for failure to

---

[1] Notice of Removal, Docket No. 1 (June 11, 2015) at 61-63.

[2] *Id.* at 43, 46.

[3] *Id.* at 5, 46.

[4] *Id.* at 50.

appear in court.[5]  Simpson allegedly paid the fines on June 8, 2015.[6]

## II. DISCUSSION

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  A criminal defendant may remove an action to district court if the prosecution is he "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all the persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).  The Supreme Court has consistently held that removal under § 1443(1) is permitted only if the defendant satisfies a two-prong test.  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  The defendant must demonstrate (1) that he is being deprived of a right guaranteed by a federal law "providing for . . . equal civil rights; and (2) that he is denied or cannot enforce that right in the courts' of the state." *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  See also *Patel v. Del Taco, Inc.*, 446 F.3d 996, 990-99 (9th Cir. 2006) (holding that a defendant must assert: (1) "as a defense to the prosecution, rights that are given to [the defendant] by explicit statutory enactment protecting equal racial civil rights, and (2) that such rights cannot be enforced because of a state statute or a constitutional provision that purports to command the state courts to ignore federal rights").

Simpson has not satisfied the two-part test set forth in *Rachel*.  "Assuming without deciding that [Simpson's] petition for removal met the first prong of the § 1443(1) removal test, it did not meet the second prong. [He] point[s] to no formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor do[es he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." See *Patel*, 446 F.3d at 999.  Because he fails to make any showing as to the second *Rachel* prong, the actions must be remanded.[7]  See *id.* (affirming remand where plaintiffs failed to make a showing under second *Rachel* prong). See also *U.S. Bank Nat. Ass'n v. Sadeghi*, No. CV13-1544-WQH-BLM, 2013 WL 4525234, *2 (S.D. Cal. Aug. 26, 2013) ("In the Notice of Removal and the briefing in opposition to the Motion to Remand, Defendant fails to satisfy either part of the two-part test.  Defendant has failed to demonstrate that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1443(1).  Accordingly, the Motion to Remand must be granted for lack of subject-matter jurisdiction"); *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. CV 10–01508–CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton has not

---

[5]*Id.*

[6]*Id.* at 52.

[7]California courts permit constitutional challenges to be raised in traffic court proceedings and actions involving violations of Vehicle Code § 14601. See, e.g., *People v. Disandro*, 186 Cal.App.4th 593, 599 (2010) ("Defendant filed her opening brief in the appellate division on August 14, 2009, claiming the traffic court violated her federal constitutional right to confront and cross-examine witnesses when it tried her case while she was not present.  She essentially argued individuals charged with infractions stand on equal footing with those charged with criminal offenses and, as a result, any waiver of constitutional rights is not valid unless it is on the record").

alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court"); *HSBC Bank USA v. Cabal*, No. CV 10-01621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predic[a]ted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant[s'] rights in unlawful detainer actions . . . . This is insufficient to allow removal under § 1443"); see also *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice").

Simpson also makes a passing reference to the fact that the citizenship of the parties is diverse, in an apparent attempt to invoke diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332(a). He apparently bases this argument on the fact that he is a Native American and hence not a citizen of California. Whether this is correct is an issue that has not been addressed by the Ninth Circuit; lower courts considering the question appear to disagree. Compare *Cumming v. Mohamed*, No. CV 14-03455-BLF, 2014 WL 4802634, *2 (N.D. Cal. Sept. 26, 2014) ("Defendant Infosys has met its burden of showing by a preponderance of the evidence that Defendants Mohamed, Namboodiri, Dharan, Thekkiniyath, Gopinath, and Prem are Indian nationals. Therefore, for purposes of § 1332(a)(3), they are 'citizens or subjects of a foreign state'") with *Richardson v. Malone*, 762 F.Supp. 1463, 1466 (N.D. Okla. 1991) ("A Native American residing within the borders of a state is a citizen of that state, and thus is not a foreign citizen"). The court need not decide whether Simpson's argument is correct, however. Section 1332 provides that "district courts shall have original jurisdiction of *all civil actions* where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [the parties' citizenship is diverse]." 28 U.S.C. § 1332(a) (emphasis added). This is a criminal action, and thus Simpson cannot invoke the court's diversity jurisdiction.

In sum, Simpson has not properly alleged removal jurisdiction under § 1443(1), or any other removal statute. The action therefore must be remanded. See *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 n. 5 (9th Cir. 1996) (holding that a mere allegation of jurisdiction "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting [their] assertion").

### III. CONCLUSION

For the reasons stated, Simpson has failed to carry his burden of showing that the court has subject matter jurisdiction to hear this action. As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.